No. 11,689.

### THE STATE OF LOUISIANA vs. JOHN HARRIS.

The omission of "The State of Louisiana" in the enacting clause of Act No. 69 of 1890 will not affect the competency of the District Courts of the State sitting in the districts organized by that act; such courts, irrespective of said act, even if it were defective, being created by the Constitution.

APPEAL from the Seventh Judicial District Court, Parish of Tensas. *Montgomery, J.*

*M. J. Cunningham*, Attorney. General, and *Joseph E. Ransdell*, District Attorney, for Plaintiff and Appellee.

*R. H. Snyder, Jr.*, for Defendant and Appellant.

The opinion of the court was delivered by

MILLER, J.   The defendant, convicted of murder and sentenced, appeals, relying on a motion in arrest of judgment, assigning as its ground the unconstitutionality of the Act No. 69 of 1890, creating the judicial districts of the State, by which act Tensas, with East Carroll and Madison, form the Seventh Judicial District.

The enacting clause of this act is: "Be it enacted by the General Assembly." The Constitution of the State declares: "The style of the laws of this State shall be: 'Be it enacted by the General Assembly of the State of Louisiana.'" The omission of the "State of Louisiana" in the enacting clause of the act, it is urged, renders the act void. The proposition presented to us thus assails the existence of the District Court throughout the State, except the courts of the parish of Orleans, because of this asserted defect in the act of 1890, organizing the judicial districts.

It could hardly escape comment, in dealing with this motion, that it lies only for defects in the indictment. The motion in arrest can not be used to present a question of the character presented here. Again, in the interest of public order, the authority of the judges of the courts of the State can not be drawn in question by impugning their competency to pronounce judgments or pass sentences. The acts of a *de facto* judge, holding by commission from the State, carry at least such presumptive validity as precludes an attack upon his competency attempted by the defendant, the subject of this sentence. It is utterly inconsistent with the dignity and efficacy of judicial proceedings, if the defendant in the civil case were permitted to dispute the competency of the judge to render the judgment, or if the defendant in the criminal case, tried and convicted,

were at liberty to arrest the sentence by putting at issue the authority of the judge to exercise his functions. In disposing of this case, it is proper to state the objections to the motion apart, and not connected with the question the motion is designed to present. 1st Greenleaf on Evidence, S. 83, 92.

The Constitution itself, is the basis on which the District Courts of this State rest. It provides for such courts in each of the judicial districts, and for the election of the judges of such courts. The Constitution organized the judicial districts, conferring the power on the Legislature to make changes. Constitution, Arts. 107, 108, 109, 128 *et seq*. In our view a defect in the legislation creating, or rather reorganizing, the judicial districts, if such defect existed, would not affect the competency of the District Court sitting in the parish of Tensas, or of the judge duly elected and commissioned by the executive. The Constitution itself would, in our view, sustain and avoid the obliteration of the District Court of the State, even if the defect existed in the act of 1890, merely rearranging the parishes into judicial districts.

Whether the distinction so familiar in the construction of statutes of provisions merely directory, and those mandatory in their character, can be applied to the Constitution, and the limit of such application, if admissible, is not free from difficulty. It has been held under the Constitution of North Carolina containing a provision similar to our own on the point that the entire omission of the enacting clause would vitiate the statute. It has been held under the Constitution of Mississippi, with the same provision, an equivalent word may be used for enacted. This decision recognizes that literal compliance with the Constitution in this respect is not essential. The Supreme Court of Texas has held the provision in the organic law that all bills shall be signed by the officers of both houses of the Legislature, was mandatory. Here, the omission is only the words "of the State of Louisiana." There remains the substance of the enacting words required by the Constitution. The conclusions of the New York and Ohio courts, reviewed by Judge Cooley in his Constitutional Limitations, tend to sustain the distinction between mandatory and directory provisions, even as applied to the organic law. Cooley Constitutional Limitations, Chap. 4. Our conclusion is, at least, in view of the aid the judiciary establishment of the State afforded by the organic law itself, there is no warrant for

us to hold that the District Court has no constitutional existence, because of the supposed defect in the act of 1890.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.